IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 11-00302-02-CR-W-DW |
| JAMES W. EDDY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Before the court is defendant's motion to dismiss count seven of the indictment "due to lack of evidence." Because a defendant may not challenge the sufficiency of the evidence in a motion to dismiss, defendant's motion should be denied.

## I. BACKGROUND

On February 22, 2012, a superseding indictment was returned charging defendant and others with various drug offenses. Count seven charges as follows:

> On or about December 30, 2010, in Sullivan County, Missouri, within the Western District of Missouri, the defendant, JAMES W. EDDY a/k/a "Wes Eddy," did knowingly and intentionally possess chlorine tablets, a chemical which may be used to manufacture methamphetamine, a Schedule II controlled substance, knowing or having reasonable cause to believe that the chlorine tablets were to be used to manufacture methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 843(a)(6) and (d)(2)(C).

On March 18, 2013, defendant, in his pro se capacity, filed a motion to dismiss count seven on the ground that there is no evidence to support a conviction of this charge. In support of his motion, defendant recounts the activities by the state court criminal justice system which culminated in dismissal of charges after a preliminary hearing.

On March 25, 2013, the government filed a response in opposition, challenging defendant's recitation of the alleged facts of this case.

On April 12, 2013, defendant filed a reply without seeking leave to do so.

## II. DEFENDANT'S REPLY BRIEF

Defendant did not seek or obtain leave to file a reply. His reply brief continues his argument about the evidence that was before the state court and what he has found in the government's file in this case. Additionally, he attaches a Sullivan County Traffic Event Report.

In the Stipulations and Orders filed in this case, the following order is included:

> [D]efendants shall not file a reply pleading to the government's response unless the defendant has requested, by written motion, and received court authorization to do so. A request to file a reply pleading shall set forth the new facts or legal principles that the defendant seeks to bring to the court's attention and the reason or reasons why those facts or legal principles could not be included in the defendant's original pleading. The court will authorize a reply pleading only in cases in which new matters, which could not have been included in the original pleading with due diligence on the part of defense counsel, are to be brought to the court's attention.

When defendant waived his Sixth Amendment right to assistance of counsel and elected to proceed pro se, he did not absolve himself of following the law or the orders entered in this case.

> It is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts. But where the defendant will not voluntarily accept representation by counsel, the potential advantage of a lawyer's training and experience can be realized, if at all, only imperfectly. To force a lawyer on a defendant can only lead him to believe that the law contrives against him. Moreover, it is not inconceivable that in some rare instances, the defendant might in fact present his case more effectively by conducting his own defense. Personal liberties are not rooted in the law of averages. The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of "that respect for the individual which is the lifeblood of the law." <u>Illinois v. Allen</u>, 397 U.S. 337, 350-351 (Brennan, J., concurring).
>
>> [FN 46] The right of self-representation is not . . . a license not to comply with relevant rules of procedural and substantive law. Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of "effective assistance of counsel."

<u>Faretta v. California</u>, 422 U.S. 806, 834 (1975).

In this case, whether or not defendant's reply brief is stricken is irrelevant, since it does not address the reason why his motion to dismiss should be denied. However, defendant is

reminded that his decision to forego the assistance of counsel will not excuse him from complying with substantive and procedural law, nor will it excuse him from complying with court orders. Defendant is encouraged to reconsider his decision to forego the assistance of counsel.

### III. MOTION TO DISMISS

A challenge to the indictment based on sufficiency of the evidence should be filed at the close of the government's case in chief or at the close of the evidence presented at trial. F. R. Cr. P. 29(a).

Sufficiency of the evidence issues cannot be taken up prior to trial. United States v. Ferro, 252 F.3d 964, 967-968 (8th Cir. 2001), citing United States v. Gaudin, 515 U.S. 506, 523 (1995). "The courts have recognized . . . that an indictment is not subject to a motion to dismiss based on allegations of the insufficiency of the government's evidence." United States v. Jones, 556 F. Supp. 2d 985, 991 (E.D. Mo.), citing United States v. Ferro, 252 F.3d at 968. "The case law clearly provides that an indictment that is valid on its face is immune from attack by a claim that there was insufficient competent evidence presented to a grand jury." Id., citing Costello v. United States, 350 U.S. 359, 363 (1956). So long as the indictment contains a facially sufficient allegation, federal criminal procedure does not provide for a pretrial determination of sufficiency of the evidence. Id. at 968, citing United States v. Critzer, 951 F.2d 306, 307-08 (11th Cir. 1992). Instead a pretrial motion must be based on some defect appearing on the face of the challenged indictment. United States v. Mann, 517 F.2d 259, 266-67 (5th Cir. 1975) (stating that an indictment is to be tested not by the truth of its allegations, but by its sufficiency to charge an offense, because the allegations in the indictment must be taken as true).

In this case defendant has not alleged any defect appearing on the face of the indictment. Rather, he has compared a state judge's decision to dismiss state charges at a preliminary hearing with the federal government's right to proceed to trial on a federal

3

criminal case. Defendant's argument is nothing more than that he does not believe the government has sufficient evidence to obtain a conviction on count seven. A pretrial motion to dismiss is not the proper venue for such an attack.

## IV. CONCLUSION

Because a defendant may not challenge the sufficiency of the evidence in a motion to dismiss, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order denying defendant's motion to dismiss count seven.

Counsel and the defendant are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has 14 days from the date of this report and recommendation to file and serve specific objections.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
April 17, 2013